**Edward L. TEAGUE, Petitioner–Appellant,**

v.

**Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.**

No. 92–2299.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1995.

---

Edward L. Teague, Huntsville, TX, pro se.

Catherine M. Cramer, Jim Mattox, Atty. Gen., Austin, TX, for appellee.

Before WISDOM, GARWOOD and DAVIS, Circuit Judges:

WISDOM, Circuit Judge:

Edward Teague is currently serving 99 years in a Texas prison after his conviction on charges of indecency with a child. After exhausting all of his direct appeals, and unsuccessfully pursuing a state habeas corpus petition, Teague petitioned for a federal writ of habeas corpus. Teague appeals from the federal district court's grant of summary judgment against him on all claims. We affirm in part, reverse in part, and remand.

## I.

On September 11, 1987, while serving twenty-five years on parole for a prior rape conviction, Edward Teague was arrested and charged with indecency with a child, Shauna Teague, his ten-year-old stepdaughter, in violation of Section 21.11(a)(1) of the Texas Penal Code. Fred Heacock was retained to represent Teague. On October 21, after a hearing was conducted, Teague's parole was revoked.

Prior to trial, the state offered Teague a twenty-five year sentence, running concurrent with the sentence he was already serving, in exchange for a guilty plea. Although Teague maintains that he was never informed of this offer, Teague sent a letter to Heacock, dated shortly after the offer was made, telling Heacock that he was not interested in any deals. The offer was rejected, and Teague went to trial.

During the questioning of the veniremen, several members admitted that they knew Mrs. Francis Martisek, the grandmother of the victim and a key government witness, and that they would give her testimony more weight. Despite the admitted bias of some of the veniremen, Heacock allowed a jury to be empaneled without attempting to identify or challenge the biased veniremen for cause.

At trial, both the victim and Mrs. Martisek testified against the defendant. The victim testified in graphic detail about the alleged sexual assault, and also testified that she thought Teague might have been using drugs. Mrs. Martisek's testimony was used to impeach the testimony of Dianna Teague, the victim's mother and the only defense witness. Martisek testified that she warned Dianna not to leave the children alone with Teague. Heacock did not object to the admission of any of this testimony.

Before the case went to the jury, Heacock objected to the jury instructions, alleging that the wording of the indictment actually charged Teague with a different crime, carrying a maximum sentence of 20 years. Despite Heacock's objection, the jury found Teague guilty of indecency with a child, and Teague was sentenced to 99 years in jail.

After exhausting his direct appeals and unsuccessfully petitioning for habeas corpus relief in the state courts, Teague sought habeas corpus relief from the federal district court. In his petition, Teague maintained that he received ineffective assistance of counsel. Teague alleged that Heacock (1) failed to inform him of the 25 year plea offer, (2) told him that the maximum sentence he could receive was 20 years, (3) failed to identify and challenge veniremen that knew the victim's grandmother, (4) failed to object to inadmissible evidence of prior acts and drug use, (5) undermined his "family situation" defense theory during closing arguments, and (6) failed to adequately investigate the case. Teague also maintains that his appellate counsel provided ineffective assistance. The district court granted summary judgment on all claims. Teague appeals.

## II.

### A.

In reviewing the grant of summary judgment in a habeas case, we presume that

the state court findings of fact are correct unless there is affirmative proof that the findings are inadequate.[1] Mere disagreement with the state court factual findings is not sufficient to overcome those findings.[2] Even an ambiguous record entitles the state court findings to this presumption of correctness.[3] If there are no state court findings on an issue, however, we review the grant of summary judgment *de novo*, employing the traditional standard that summary judgment is only appropriate when there is no dispute as to the material facts.[4]

■ Teague's arguments center around his contention that he received ineffective assistance of counsel. The Sixth Amendment guarantees criminal defendants the right to an effective counsel.[5] This right applies both at trial and on direct appeal.[6] In *Strickland v. Washington*, the Supreme Court established the following test to determine if counsel was ineffective:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defen-

dant of a fair trial, a trial whose result is reliable.[7]

In order to amount to ineffective assistance of counsel, the performance of counsel must have fallen below an objective standard of reasonableness as determined by the norms of the profession.[8] We review counsel's performance from counsel's perspective at the time of trial, not from hindsight.[9] This review is highly deferential, with the presumption being that counsel's performance was reasonable.[10] Whether a defendant was prejudiced is a mixed question of law and fact, for which we are not obligated to defer to the judgment of the state court.[11]

### B.

■ Teague's first argument is that Heacock failed to provide effective assistance because he did not inform Teague of the government's offer of a 25 year sentence, running concurrent with his current sentence, in exchange for a guilty plea. In determining whether or not to plead guilty, the defendant should be made aware of the relevant circumstances and likely consequences so that he can make an intelligent choice.[12] Several other circuit courts have found that the failure of trial counsel to inform the defendant about a government plea offer amounts to ineffective assistance of counsel.[13]

1. 28 U.S.C. § 2254(d); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 959, 130 L.Ed.2d 901 (1995). This presumption applies even if the findings were based entirely upon a comparison of written affidavits. *Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992).

2. *James v. Whitley*, 39 F.3d 607, 610 (5th Cir. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1704, 131 L.Ed.2d 565 (1995).

3. *James*, 39 F.3d at 610; *Wainwright v. Goode*, 464 U.S. 78, 85, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983).

4. *Williams*, 35 F.3d at 161.

5. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984).

6. *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir.), *cert. denied*, 479 U.S. 965, 107 S.Ct. 466, 93 L.Ed.2d 411 (1986).

7. *Id.* at 687.

8. *Id.* at 687–8.

9. *Id.* at 689.

10. *Id.*

11. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994).

12. *Hill v. Estelle*, 653 F.2d 202, 205 (5th Cir. Unit A Aug. 1981), *cert. denied*, 454 U.S. 1036, 102 S.Ct. 577, 70 L.Ed.2d 481 (1981); *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. Unit B March 1981).

13. *See United States v. Blaylock*, 20 F.3d 1458 (9th Cir.1994); *United States v. Rodriguez*, 929 F.2d 747 (1st Cir.1991); *Johnson v. Duckworth*, 793 F.2d 898 (7th Cir.), *cert. denied* 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3rd Cir.1982).

■ Although we agree that failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel, we find that the record in the present case adequately supports the state court finding that Teague knew of the plea offer and specifically rejected it.[14] Support for this finding includes Heacock's affidavit stating that he informed Teague of the offer and Teague's letter to Heacock, dated after the offer had been made, stating that Teague was not interested in any deals. Although Teague maintains that he was not told of the offer, the state trial court found that Teague's testimony was not credible. Because the state court finding that Teague knew of the offer is adequately supported in the record, we must presume that it is correct. Therefore, on this claim, we conclude that summary judgment was appropriate because Teague failed to provide sufficient evidence to show that Heacock's performance fell below the objective standard required by *Strickland.*

### C.

Teague's next allegation is that Heacock improperly advised him that the crime with which he was charged carried a maximum sentence of 20 years, when, in reality, Teague could have received a sentence of 99 years. Teague argues that he was prejudiced by this incorrect information when he ultimately received a 99 year sentence, because, had he known that he could receive such a severe sentence, he would have accepted the state's plea offer which would have run concurrently with the sentence he was currently serving.

Because there was no state court finding on this issue, we review the district court's grant of summary judgment *de novo.*[15] To establish that the defendant has been prejudiced by the counsel's ineffective assistance,

he must show "a reasonable probability that but for trial counsel's errors", the defendant's sentence would be significantly less severe.[16]

■ This Court was faced with a similar situation in *Beckham v. Wainwright* in which a defendant withdrew a guilty plea that would have resulted in a five year sentence after his counsel advised him that he could be sentenced to a maximum of only five years in prison if convicted at trial.[17] In that case, we found that the defendant had not received the effective assistance of counsel when, despite his counsel's advice, the defendant was sentenced to 50 years in prison.[18] Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland.* When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court.

■ Viewing the evidence in the light most favorable to the nonmoving party, as we must do in reviewing a summary judgment, we conclude that Teague provided sufficient evidence for a reasonable factfinder to find that Teague was not properly advised of the maximum sentence he could receive if he went to trial. Teague provided a sworn affidavit stating that Heacock told him that the maximum sentence he could receive for a conviction would be 20 years. Heacock's affidavit does not contradict Teague's allegations because it merely states that Heacock advised his client of the full range of the possible sentence. It did not state whether Heacock knew that Teague could face 99 years or just 20 years. In addition, by arguing that the wording of the indictment charged Teag-

---

14. The District Court for the 155th Judicial District of Texas conducted both the original trial of Teague and the initial review of Teague's state habeas corpus petition. Later, at the direction of the Texas Court of Criminal Appeals, that court made the state court findings of fact which are referred to in this opinion.

15. The state court did make a finding that Teague understood "his liability of a prior felony conviction for aggravated rape". Although this suggests that Teague knew he could receive an

increased sentence because of his previous conviction, it does not shed any light on whether Teague was informed that the sentence could be 99 years or 20 years.

16. *Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir. 1993).

17. 639 F.2d at 263.

18. *Id.* at 267.

ue with an offense punishable by a maximum sentence of 20 years, Heacock's own actions lend support to Teague's allegation. Finally, Teague's allegation, if correct, provides a logical reason why, when faced with a potential 99 year jail term, he did not accept a plea bargain that would have resulted in little or no additional jail time because the 25 year sentence would run concurrently with the 25 year sentence he was already serving.

Teague also provided a sufficient basis from which a reasonable factfinder could conclude that Teague was prejudiced by the incorrect advice from Heacock. Although Teague does not unequivocally state that he would have accepted the plea bargain if he knew that he was facing a 99 year sentence, he did state that "petitioner would have obviously taken the offer into serious consideration".[19] Under the *Strickland* test, the defendant must show that there was a reasonable probability that his counsel's errors resulted in a sentence that was significantly more severe.[20] Because the evidence suggests a strong probability that Teague would have received a sentence that was significantly less in duration if he had been informed of the proper range of his sentence, we find that Teague has produced sufficient evidence of prejudice resulting from his counsel's inadequate performance to withstand a motion for summary judgment. Therefore, we reverse the grant of summary judgment on this issue, and remand for additional proceedings.

[12] Ordinarily, the decision to allow discovery in a case such as Teague's is left to the discretion of the district court.[21] Denial of an opportunity for discovery is an abuse of discretion when the discovery is necessary to fully develop the facts of a claim.[22] Although the record was sufficient to withstand summary judgment, more discovery is necessary to fully develop the record on remand.

### D.

■ Teague's next argument is that Heacock's failure to identify or challenge certain biased veniremen amounted to ineffective assistance of counsel. During voir dire, several veniremen admitted that they knew Mrs. Martisek, a key government witness, who, according to Teague, was trying to gain custody of the victim, her granddaughter. Several of these veniremen also acknowledged that they would give more weight to Mrs. Martisek's testimony. By not challenging any of these biased veniremen, Heacock may have allowed a biased jury to be empaneled.

■ The attorney's actions during voir dire are considered to be a matter of trial strategy. A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be "so ill chosen that it permeates the entire trial with obvious unfairness".[23]

Teague maintains that he did not receive a fair trial because his jury may have included veniremen that admitted that they would give more weight to the testimony of Mrs. Martisek. He further asserts that his inability to show prejudice is a direct result of his attorney's inadequacy and should be proof of his counsel's ineffectiveness. Although Heacock's tactics may have made it more difficult to show that Teague's jury was biased, failure to identify the veniremen that admitted knowing Mrs. Martisek did not relieve Teague from his obligation of showing prejudice.[24] Demonstrating that some veniremen may have been biased, without estab-

---

19. Because the plea offer would have resulted in little or no additional jail time, there is a strong probability that Teague would have accepted this offer instead of risking a potential 99 year sentence by going to trial.

20. *Spriggs,* 993 F.2d at 88.

21. 28 U.S.C. § 2254, Rule 6.

22. *East v. Scott,* 55 F.3d 996, 1002–03 (5th Cir. 1995).

23. *Garland v. Maggio,* 717 F.2d 199, 206 (5th Cir.1983).

24. *See Felder v. Estelle,* 588 F.Supp 664, 671 (S.D.Texas 1984) *rev'd on other grounds,* 765 F.2d 1245 (5th Cir.1985) (finding that a defendant did not receive ineffective assistance of counsel when his counsel failed to identify a racially biased venireman because the defendant was unable to show that the biased venireman actually served on the jury).

lishing that any of these biased veniremen actually served on the jury, is insufficient to meet the requisite showing of prejudice under the *Strickland* test. Because Teague failed to establish that he was prejudiced, we find that summary judgment on this issue was appropriate.

### E.

Teague argues that Heacock provided ineffective assistance by failing to object to inadmissible testimony during the trial. First, he argues that the victim's testimony about Teague "doing drugs" at the time of the assault was inadmissible under Rules 602 and 701 of the Texas Rules of Criminal Evidence because it was an opinion, unsupported by any personal knowledge, and was irrelevant to the issue of whether or not Teague had sexually assaulted her. In addition, Teague maintains that Mrs. Martisek's testimony about warning the victim's mother not to leave her daughters alone with Teague was inadmissible under Rules 801 and 802 of the Texas Rules of Criminal Evidence because it was alluding to an alleged prior act of sexual molestation that was based upon hearsay from the victim's sister. With respect to both of these allegations, the state court and district court made findings that Teague failed to show prejudice as a result of this evidence.

Even assuming that this evidence was inadmissible, under the *Strickland* test, the defendant must still show that the "counsel's errors were so serious as to deprive the defendant of a fair trial".[25] During the trial, the victim testified in graphic detail about Teague sexually assaulting her. Her testimony was uncontradicted. Due to the substantial evidence of Teague's guilt, we find that this disputed testimony was too insignificant to have altered the outcome of the trial. Therefore, because Teague has not shown any prejudice as a result of the evidence, we find that summary judgment on this issue was appropriate.

### F.

Teague also alleges that Heacock failed to present an effective closing argument. Specifically, Teague maintains that Heacock's closing argument undermined Teague's defense theory that this case was a family situation in which the grandmother of the victim, Mrs. Martisek, was attempting to gain custody of the victim. Teague points to two phrases, "that it is more than a family situation" and "for whatever that is worth to you", in an effort to demonstrate that Heacock was mocking his defense theory. By doing this, Teague argues that Heacock was telling the jury that he did not believe Teague's story.

In considering whether counsel's performance during closing arguments was ineffective, counsel's closing statements must be considered in their entirety.[26] Although counsel's statements that "it is more than a family situation" and "for whatever that is worth to you" may not have been the words the defendant would have chosen, those phrases are not enough to establish that counsel was inadequate. Looking at those phrases in their proper context shows that they were intended to remind the jurors that this case concerned an alleged crime and the potential consequences to the defendant. This case was not about whether Teague and his wife were good parents. Therefore, we find that counsel's performance was adequate and summary judgment was appropriate.

### G.

Teague also maintains that Heacock was inadequate for failing to investigate the "family situation" and for failing to discover some of the state's evidence. The state court made a factual finding that Heacock had fully investigated the circumstances of this case. Because this finding is adequately supported by the record, we presume that it is correct. Therefore, we conclude that Teague failed to demonstrate that Heacock's performance on these issues was inadequate.

### H.

Finally, Teague argues that he was denied the effective assistance of appellate counsel. Teague maintains that his appellate counsel was deficient in not discovering Heacock's

---

25. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

26. *Rushing v. Butler,* 868 F.2d 800, 805 (5th Cir.1989).

failure to convey the government's plea bargain offer and in failing to prove prejudice resulting from Heacock's actions during voir dire and Heacock's failure to object to inadmissible evidence. The effectiveness of appellate counsel is governed by the *Strickland* standard which requires the defendant to show prejudice.[27] Because we have found the three issues underlying Teague's ineffective appellate counsel claim to be without merit, we conclude that Teague failed to satisfy the prejudice requirement of the *Strickland* test.

### III.

In conclusion, we find that summary judgment was appropriate on all of Teague's claims but one. Because the evidence would allow a reasonable factfinder to find that Heacock failed to inform Teague of the maximum possible sentence and to conclude that Teague had been prejudiced by this failure, we REVERSE the summary judgment on this issue, and REMAND for additional discovery and further proceedings consistent with this opinion. With respect to all of Teague's other claims, the district court's grant of summary judgment is AFFIRMED.