IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20325
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID PHILLIP ISCHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1365
USDC No. H-89-CR-204-5

_____

June 15, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

David Phillip Ischy, federal prisoner #49020-079, appeals from the denial of his motion for relief pursuant to 28 U.S.C. § 2255. The magistrate judge, who entered judgment by consent of the parties, granted Ischy a certificate of appealability. Ischy contends that there was an insufficient factual basis for his guilty plea of using or carrying a firearm during and in connection

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

with a drug-trafficking offense; that the magistrate judge should have held an evidentiary hearing on his contention that he received ineffective assistance of counsel regarding two plea offers extended by the Government; and that the magistrate judge should have held an evidentiary hearing on his claim that the Government breached its plea agreement with him by not recommending a reduction of sentence pursuant to FED. R. CRIM. P. 35(b).

Ischy has failed to brief whether the magistrate judge erred by disposing of his factual-basis contention as procedurally barred. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, the factual basis in the record provided an adequate factual basis for Ischy's plea.

The record conclusively showed that Ischy was not entitled to relief regarding the claims for which he argues the magistrate judge should have held an evidentiary hearing. First, Ischy has not shown a reasonable probability that he would have received a sentence significantly less severe than the sentence he ultimately received had counsel conveyed the Government's second plea offer to him. *See Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). Second, the plea agreement did not require the Government to seek a reduction of Ischy's sentence in return for post-sentencing cooperation. The magistrate judge need not have held an evidentiary hearing on Ischy's contentions. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

Ischy's contention that the magistrate judge should have held an evidentiary hearing on his contention that counsel was

2

ineffective for failing to advise him properly regarding the Government's first plea offer is likewise without merit. It is unclear from the record whether, as Ischy alleges, counsel failed to clearly communicate to Ischy the expiration date of the offer. However, there is no reasonable probability that Ischy would have received a significantly less severe sentence had Ischy accepted the Government's first plea offer. *See Teague*, 60 F.3d at 1172. Therefore, Ischy's ineffective assistance of counsel claim fails to establish the prejudice prong of *Strickland,* which defeats his claim. *See Strickland v. Washington,* 466 U.S. 668, 697 (1984). Because the record conclusively establishes that Ischy was not entitled to relief, neither was he entitled to an evidentiary hearing on his contention. *Bartholomew*, 974 F.2d at 41.

Based on the foregoing, we affirm the order denying Ischy's request for evidentiary hearing and denying relief on his § 2255 claims.

AFFIRMED.