IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20982
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BRYAN NELSON MAXWELL,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1419
USDC No. H-90-CR-97-1
- - - - - - - - - -

August 2, 1999

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Bryan Nelson Maxwell, federal prisoner #50539-079, appeals
from the denial of his motion for relief pursuant to 28 U.S.C.
§ 2255.  We granted a certificate of appealability (COA) on
Maxwell's claim that trial counsel rendered ineffective
assistance by misinforming Maxwell of the sentence he faced if he
proceeded to trial and denied a COA on the remaining issue
regarding the alleged ineffectiveness of appellate counsel.  We
GRANT Maxwell's motion to correct his reply brief.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Maxwell argues that he was denied effective assistance of counsel regarding a plea offer when trial counsel misinformed him of the sentence he faced if he proceeded to trial.  He also argues that the district court had abused its discretion by failing to hold an evidentiary hearing.

The record does not show conclusively that Maxwell is not entitled to relief.  First, the record does not refute Maxwell's assertion that there was a plea offer.  It cannot be determined from the present record whether counsel advised Maxwell properly of the statutory penalties he faced or of the potential sentence he faced if the court found that he was a career offender.  See Beckham v. Wainwright, 639 F.2d 262, 266 (5th Cir. 1981); 28 U.S.C. § 841(b)(1)(B)(viii); U.S.S.G. § 4B1.1.  A review of the sentencing guidelines indicates that counsel could not have based his advice that Maxwell faced a possible sentence of 14- to 18-years solely on Maxwell's criminal history and the amount of drugs purchased by the cooperating individual.

Second, we cannot say that the record does not suggest a reasonable probability that Maxwell would have received a significantly less severe sentence had Maxwell accepted the Government's plea offer.  See Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995).  We express no opinion regarding whether Maxwell actually received ineffective assistance of counsel.

Because the record did not conclusively establish that Maxwell was entitled to no relief, he was entitled to an evidentiary hearing on his contention.  United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  We therefore

vacate the order denying relief on Maxwell's claim that counsel was ineffective regarding his advice to reject the plea offer and proceed to trial and remand that claim for further proceedings consistent with this order.

VACATED AND REMANDED; MOTION GRANTED.