**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-10659

FREDDIE JOE RAY,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(5:97-CV-225-C)

September 20, 1999

Before REAVLEY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant, Freddie Joe Ray, appeals from the district court's denial of his petition for habeas corpus relief. This court granted Appellant a Certificate of Appealability on two issues -- (1) whether a juror who admitted to being a friend of the victim is impliedly biased against the defendant and (2) whether counsel is

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

ineffective for failing to exercise a peremptory strike against such a juror. See 28 U.S.C. § 2253(c). For the reasons hereinafter assigned, we AFFIRM the decision of the district court.

Juries are presumed to be impartial, and absent extraordinary circumstances bias should not be imputed to jurors. See *Andrews v. Collins*, 21 F.3d 612, 620 (5th Cir. 1994). A distant relationship or friendship with the victim, even a close friendship, is not sufficient to imply bias to a juror. *Montoya v. Scott*, 65 F.3d 405, 419-420 (5th Cir. 1995). Thus, we hold that the admitted friendship in this case is not a sufficient "extraordinary circumstance" to constitute implied bias of the juror.

To establish a claim of ineffective assistance of counsel, it must be established that (1) the counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, an appellant must show that counsel's failure to strike the juror "fell below an objective standard of reasonableness." *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). To prove prejudice from this deficient performance, an Appellant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id*.

It is well-settled that issues of trial strategy do not constitute ineffective assistance of counsel unless the strategy is "so ill chosen that it permeates the entire trial with obvious unfairness". *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir.1983). This Circuit has held that acts of counsel conducted during voir dire are generally considered a matter of trial strategy. See *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). Accordingly, we hold that the failure in this case to exercise a peremptory strike against the disputed juror was a matter of trial strategy and does not constitute ineffective assistance of counsel.

AFFIRMED.