IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50626
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

IRVIN JAY MILZMAN, also known as Irvin Jay Mitzman, also known as
Irvin Jay Milsman,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-134
USDC No. W-88-CR-130-16
- - - - - - - - - -
May 17, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

　　Irvin Jay Milzman appeals the district court's denial of his 28 U.S.C. § 2255 motion alleging (1) that the Government withheld exculpatory, impeachment evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (2) that he was denied effective assistance of counsel. He also moves this court to expand the certificate of appealability (COA) to include a third issue that was dismissed as frivolous by the district court, *i.e.*, whether he

_____

　　* Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

waived his right to be present during voir dire, and in particular, the portion of voir dire when peremptory challenges are exercised. We affirm in part, and vacate and remand.

Milzman argues that the Government violated <u>Brady</u> by suppressing the participation of two key Government witnesses, Wesley Gerald Schneider and Edward Francis Crawford, in a specific, additional methamphetamine conspiracy. A review of Schneider's trial testimony supports the district court's conclusion that the other conspiracy was disclosed when Schneider testified at Milzman's trial. We therefore AFFIRM the district court's conclusion that there was no <u>Brady</u> violation with regard to disclosure of the other conspiracy. Milzman also contends that the Government failed to disclose the perjury committed by Crawford in a prior state prosecution, and that the district court erred in relying on the affidavit of Special Agent George Mading, and the unsworn statement of the prosecutor, Steven Snyder, to find, without a hearing, that the transcripts in which Crawford admitted his perjury were available to the defense at trial. Because Crawford apparently did not admit his prior perjury until after Milzman's trial, the district court erred in finding that the transcripts containing the admission of perjury were made available to Milzman. This factual finding was clearly erroneous and is VACATED. The district court did not make a finding regarding the availability of the state trial transcripts containing the perjured testimony. The appropriate factual findings regarding Crawford's

state trial testimony should be made upon remand; Milzman's concomitant <u>Brady</u> argument, i.e., suppression of Crawford's perjury, can then be ruled upon.

Milzman argues that counsel was ineffective for failing to convey to him a plea offer that he would have accepted. He relies on the affidavit of David Botsford, his appellate counsel, which affidavit was based on a secretly recorded telephone conversation with the prosecutor, Steven Snyder. The transcript of the telephone conversation indicates that although Snyder could not recall the exact terms, Snyder believed he had offered to dismiss the drug counts against Milzman in exchange for Milzman's cooperation and a guilty plea to the tax counts. Snyder admitted he was desperate for witnesses at the time, and apparently, the tax counts would have resulted in a three-year sentence as opposed to the 235-month sentence that Milzman received for the drug conviction. Milzman contends that his trial counsel never conveyed such an offer to him, and an unsworn statement by Snyder suggests that although a formal plea was never offered, it was due to Milzman's alleged refusal to cooperate and testify.

It is unclear from the record whether the fault lies with Milzman's trial counsel for failing to convey the offer, or with Milzman for refusing to cooperate. When viewed together, the telephone conversation and the unsworn statement of Snyder suggest that Milzman's counsel failed to convey to him the possibility of a substantially reduced sentence in exchange for his cooperation

and testimony.  Because such a failure on counsel's part, if it occurred, resulted in a much lengthier sentence for Milzman, he has shown the requisite prejudice, as well as the possibility of deficient performance.  See Teague v. Scott, 60 F.3d 1167, 1170 (5th Cir. 1995)(counsel's failure to inform the defendant of a plea offer may amount to ineffective assistance of counsel); Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993).

Milzman also argues that counsel was ineffective in his discovery and cross-examination of Schneider and Crawford because he failed to uncover a separate methamphetamine manufacturing conspiracy, as well as Crawford's prior perjury, with which he could have impeached them.  The telephone transcript on which Milzman relies to support his argument that a plea offer was not conveyed contains statements indicating that trial counsel was deficient in his cross-examination of witnesses, and in his failure to conduct sufficient discovery.  Similarly, two affidavits attached as exhibits to Milzman's § 2255 motion indicate that counsel may have been ineffective due to a drinking problem.  The district court's denial of relief on Milzman's ineffective-assistance claim is therefore VACATED and this case is REMANDED for resolution of the underlying factual issues of what transpired regarding the possibility of a plea and whether counsel was deficient in his discovery and cross-examination of witnesses.

Milzman has failed to make a substantial showing of the denial of a constitutional right with regard to his absence during voir

dire. § 2253(c)(2).  His motion to expand the COA to include this issue is DENIED.  His motion to supplement the record with the transcript of the telephone conversation between Botsford and Snyder is GRANTED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION TO EXPAND COA DENIED; MOTION TO SUPPLEMENT RECORD GRANTED.