IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20063
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALI REZA DADI, also known as Raymond Dadi,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-4099
USDC No. H-98-CR-419-1
- - - - - - - - - -
February 12, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ali Reza Dadi, federal prisoner # 59270-079, appeals from the summary denial of his motion for relief pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability (COA) on Dadi's claim that his trial counsel was ineffective for misadvising him to reject the Government's plea offer and undergo trial and on whether the cause should be remanded for the district court to file written findings of fact and conclusions

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of law, and denied a COA on the remaining issues raised in Dadi's 28 U.S.C. § 2255 motion.

Dadi argues that he was denied effective assistance of counsel regarding a plea offer when trial counsel misinformed him of the sentence he faced if he proceeded to trial. He also argues that the district court erred by denying his motion without making written factual findings and legal conclusions.

The record does not show conclusively that Dadi is not entitled to relief. First, the record does not refute Dadi's assertion that there was a plea offer. Indeed, in Dadi's objections to the presentence report, counsel mentioned a plea offer and an understanding with the Government about the sentence Dadi faced if he proceeded to trial. Second, we cannot say that the record does not suggest a reasonable probability that Dadi would have received a significantly less severe sentence had Dadi accepted the Government's plea offer. See Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995). We express no opinion regarding whether Dadi actually received ineffective assistance of counsel.

Because the record does not show conclusively or plainly that Dadi is entitled to no relief, the district court erred in summarily denying his motion. See 28 U.S.C. § 2255; see also Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS. We therefore vacate the order denying relief on Dadi's claim that counsel was ineffective regarding his advice to reject the plea offer and proceed to trial and remand that claim for further proceedings.

On remand the district court "shall cause notice [of Dadi's 28 U.S.C. § 2255 motion] to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255.

VACATED AND REMANDED.