# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 16, 2011

Lyle W. Cayce
Clerk

No. 10-40877
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HARRISON JACK HAVENS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-115
USDC No. 6:07-CR-36

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Harrison Jack Havens, Jr., federal prisoner # 15457-055, appeals the denial of his motion under 28 U.S.C. § 2255 challenging his bench trial conviction of one count of transporting and shipping child pornography and of four counts of possession of child pornography. In the § 2255 motion, Havens claimed, among other things, that his trial counsel provided constitutionally ineffective assistance by failing to inform him of the Government's plea offers

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and by failing to advise him regarding the benefits of pleading guilty. We granted a certificate of appealability on the issue whether the district court erred in denying relief on the ineffective assistance claim without conducting an evidentiary hearing.

A district court may deny a § 2255 motion without holding an evidentiary hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). We review the district court's denial of a § 2255 motion without holding an evidentiary hearing for an abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To show prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Havens's district court filings establish his contention that his counsel failed to inform him of the Government's plea offers and that counsel did not advise him of the benefits of pleading guilty, such as credit for acceptance of responsibility. Although he admitted that wished to preserve for appellate review the district court's denial of his motion to suppress, Havens averred in the district court that he would have pleaded guilty had he been properly advised by his trial counsel.

"[O]ne of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty." *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004)

(internal quotation marks and citation omitted).  We have held that "failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel."  *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995).  "In determining whether or not to plead guilty, the defendant should be made aware of the relevant circumstances and likely consequences so that he can make an intelligent choice."  *Id.* at 1170.

In denying relief on Havens's ineffective assistance claim, the district court credited an affidavit prepared by Havens's trial counsel, who averred that he had discussed with Havens the application of the sentencing guidelines and that Havens had rejected the Government's plea offers.  "[C]ontested fact issues [in a § 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record."  *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981).  In view of the existence of contested factual issues material to Havens's ineffective assistance claim, we conclude that the district court abused its discretion in denying relief without conducting an evidentiary hearing.  *See Cervantes*, 132 F.3d at 110.  Accordingly, we VACATE the denial of § 2255 relief and REMAND the matter to the district court.