# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2012

No. 08-50181

Lyle W. Cayce
Clerk

ANTHONY CHARLES ARNOLD,

Petitioner-Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(05-CV-71)

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

In our prior opinion in this case, we reversed the district court's denial of Arnold's petition for habeas corpus under 28 U.S.C. § 2254. *Arnold v. Thaler*, 630 F.3d 367, 368 (5th Cir. 2011). Arnold's petition challenges his Texas conviction and life sentence on the ground that his trial counsel was ineffective for not informing him about a plea offer of 15 years' imprisonment. Adhering to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

circuit precedent, we held that counsel's failure to relay the offer fell below an objective standard of reasonableness. *Id.* at 370 (citing *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995)). We then rejected the district court's conclusion that Arnold was not prejudiced by his counsel's deficient performance. *Id.* That conclusion, we held, was based on the district court's clearly erroneous factual finding that Arnold does not claim that he would have accepted the plea offer had counsel communicated it to him. *Id.* We remanded Arnold's petition for the district court to reconsider the prejudice issue and, in so doing, held that "Arnold's claim does not require him to demonstrate a reasonable probability that the trial court would have approved the plea agreement, only a reasonable probability that he himself would have accepted the plea offer while it was still open." *Id.* at 368.

Respondent petitioned the Supreme Court for a writ of certiorari. The Supreme Court vacated and remanded for further consideration in light of *Lafler v. Cooper*, 566 U.S. __, 132 S. Ct. 1376 (2012). *Lafler*'s companion case, *Missouri v. Frye*, confirms our holding that Arnold's trial counsel was deficient in failing to communicate the state's plea offer before it expired. 566 U.S. __, 132 S. Ct. 1399, 1408 (2012); *cf. United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) ("The Supreme Court recently affirmed this Circuit's case law, holding that the Sixth Amendment protects against, and remedies, the rejection of favorable plea offers for want of effective assistance of counsel." (citing *Lafler* and *Frye*)). *Lafler*, however, requires Arnold, in order to show prejudice, to demonstrate a reasonable probability that the trial court would have approved the plea agreement. *Lafler* held that

> [i]n these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), *that the court would have accepted its terms*, and that the conviction or sentence, or both, under the offer's terms would have been less

severe than under the judgment and sentence that in fact were imposed.

132 S. Ct. at 1385 (emphasis added).

For the reasons that follow, we REVERSE the judgment of the district court and REMAND Arnold's petition for the district court to assess prejudice under the standard articulated by *Lafler*.

## I.

Arnold was indicted in the 238th District Court of Midland County, Texas for aggravated sexual assault and aggravated kidnapping. Prior to Arnold's jury trial, the prosecutor communicated a plea offer of 25 years to Clifford Hardwick, Arnold's attorney at the time. Hardwick negotiated with the prosecutor and obtained a better offer—15 years. The prosecutor did not impose a deadline for responding to the offer. Hardwick never told Arnold about either offer. One to two weeks later, the prosecutor rescinded the offer because she learned of Arnold's prior felony convictions and an earlier arrest for sexual assault. Some time later, Arnold was appointed new counsel, who renewed plea discussions with the prosecutor. The prosecutor's final offer resulting from these discussions was 40 years, which Arnold rejected.

Following his conviction, the state trial court sentenced Arnold to life imprisonment. Arnold moved for a new trial, asserting that Hardwick was ineffective for failing to tell him about the earlier plea offers. At a hearing before the state trial court on Arnold's motion, the parties entered into a stipulation that Arnold "never received the 15 year plea bargain offer or the 25 year plea bargain offer from Mr. Hardwick, and if he had done so, he would have considered it." The prosecutor testified that if Arnold had accepted the offer before it was rescinded, she would have honored the agreement. Nevertheless, the trial court would have had the authority to reject the plea bargain in light of Arnold's criminal record. The trial court denied Arnold's motion for a new trial, quoting a transcript excerpt in which Arnold rejected the 40-year offer at

a pre-trial conference.  The court apparently mistook this 40-year offer for the 15-year offer that was the subject of the new trial motion and denied the motion on that basis.

The Eighth Court of Appeals affirmed on different grounds.  Relying on Texas case law, the court held that the prosecutor's "intervening and evolving knowledge of [Arnold's] criminal history . . . changed the factual premises of [the] original plea offer," and therefore the offer was "withdrawn with just cause." *Arnold v. State*, No. 08-01-00298-CR, 2003 WL 21481028, at *3 (Tex. App.—El Paso June 27, 2003, pet. ref'd) (not designated for publication) (citing *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000)).  The opinion did not address the time period between when the offer was made and when it was withdrawn or whether Arnold had shown a reasonable probability that he would have accepted the offer during this period.

Arnold sought habeas relief in federal court.  In his federal habeas petition, Arnold claims he told the attorney who represented him at the state-court hearing that he would have accepted the 15-year offer "because he was in a racist county and the odds were against him."  He alleges that his attorney never sought to put this information before the state trial court, beyond the stipulation previously discussed.  Arnold also submitted an affidavit to the district court, stating that he "would have accepted the District Attorney's plea-bargain offer of 15 or 25 [years] had defense counsel informed me of the state's offer."  He claims that he was "deceived into stipulating" that he would have merely *considered*, rather than actually accepted, the offer.  According to his affidavit, he misunderstood the meaning of the term: "When I stated 'considered', I actually mean[t] that I would have definitely accepted the state's plea-bargain offer had the offer been related to me by defense counsel Cliff Hardwick." Nevertheless, in rejecting Arnold's petition, the district court found that "[nowhere] in his pleadings does [Arnold] say he would have accepted the plea deal as offered."  Arnold filed a timely notice of appeal, and this court granted

a certificate of appealability on the issue of whether Hardwick's failure to convey the original plea offer to Arnold constitutes ineffective assistance of counsel.

## II.

Because the certified question was rejected on the merits by the state appellate court on direct appeal of Arnold's conviction, we must defer to the state court's adjudication unless it was "contrary to" or an "unreasonable application of" clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). To find an unreasonable application of federal law, this court must determine that the state court's ruling was objectively unreasonable and not simply erroneous or incorrect. *Williams v. Taylor*, 529 U.S. 362, 411 (2000). We review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001).

A petitioner claiming ineffective assistance of counsel must show that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The two-prong *Strickland* analysis applies to ineffective-assistance claims arising out of counsel's failure to communicate a plea offer before it expires. *Frye*, 132 S. Ct. at 1408–10.

No one disputes, and *Frye* confirms, that Hardwick's complete failure to relay the 15-year plea offer to Arnold fell below an objective standard of reasonableness. *Accord Teague*, 60 F.3d at1171 (holding that "failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel"). The central dispute, therefore, is whether Arnold was prejudiced by Hardwick's deficiency. To establish prejudice on his ineffective-assistance claim, Arnold

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light

of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S. Ct. at 1385. A reasonable probability means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The standard "is less than a preponderance of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008) (per curiam) (citing *Strickland*, 466 U.S. at 693–94).

On this question, the state court made no finding to which we must defer.[1] If anything, by rejecting the claim on other grounds, the state court implicitly agreed—or at the very least assumed—that Arnold would have accepted the offer. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). The district court did make a finding on this point, however, determining that Arnold does not even claim that he would have accepted the offer. Yet in his habeas petition and in a supporting affidavit, Arnold unequivocally stated that he would have accepted the 15-year offer if he had known about it. Arnold's petition alleges that he told his attorney that "had he been advanced the plea bargain offer of 15 years, that he would have accepted the offer, because he was in a racist county and the odds were against him." Similarly, the affidavit submitted to the district court stated that he "would have accepted the District Attorney's plea-bargain offer of 15 or 25 [years] had defense counsel informed me of the state's offer." Respondent does not attempt to defend or explain the inconsistency between the habeas record and the district court's finding, instead glossing over Arnold's assertions in his petition and focusing on

---

[1] The only mention of the issue in the state court's opinion is the observation that Arnold "claims that if he had known about the deal he would have accepted the offer." *Arnold*, 2003 WL 21481028, at *3.

statements made in the state proceeding.  Thus, the district court's finding that "[nowhere] in his pleadings does Petitioner say he would have accepted the plea deal as offered" is clearly erroneous.

Despite the district court's misreading of the record, Respondent urges us to affirm on another ground: even if Arnold had accepted the 15-year plea offer, it would not necessarily have been approved by the trial court.  Under *Lafler*, Arnold must show a reasonable probability "that the [trial] court would have accepted [the] terms" of the plea offer.  132 S. Ct. at 1385.  The parties have not briefed this issue before us, nor was it considered by the district court.  Therefore, we believe it best to remand to allow the district court first to apply the test articulated in *Lafler*.  *See, e.g., Cantu v. Thaler*, 682 F.3d 1053, 1054 (5th Cir. 2012).

Finally, in the supplemental briefing that we ordered for the parties to address *Lafler*'s effect on this case, Respondent now argues that it was objectively reasonable under "clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), for the state court to conclude, prior to *Lafler*, that "Arnold suffered no *Strickland* prejudice because the sole consequence of counsel's deficient performance was a fair trial."  Four Justices agreed with this interpretation of the Court's precedent in *Lafler*.  132 S. Ct. at 1392 (Scalia, J., dissenting) (joined by Roberts, C.J., and Thomas, J.); *id.* at 1398 (Alito, J., dissenting).  There is much force to Respondent's argument, but it is foreclosed by *Lafler*.  There, the four dissenting Justices argued that the Court lacked authority to grant relief under § 2254(d)(1) because it was reasonable prior to *Lafler*'s "novel" holding for a state court to conclude that a conviction pursuant to a fair trial cannot produce *Strickland* prejudice.  *Id.* at 1395–96 (Scalia, J., dissenting); *id.* at 1398 (Alito, J., dissenting).  But the Court nonetheless found prejudice for purposes of § 2254(d)(1) and remanded for further proceedings.  *Id.* at 1391 (opinion of the Court).

No. 08-50181

### III.

The judgment of the district court is REVERSED and the petition is REMANDED for the district court to assess prejudice under the standard articulated by *Lafler*.