**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Ryan L. Henson,
Petitioner Below, Petitioner

vs.)  No. 22-0059 (Berkeley County CC-02-2019-C-239)

Donnie Ames, Superintendent,
Mount Olive Correctional Complex,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Ryan L. Henson appeals the Circuit Court of Berkeley County's December 23, 2021, order denying his petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner, along with codefendants Kerri Reigh and Jonathan Physioc, was convicted of burglary, first-degree robbery, several counts of assault during the commission of a felony, and conspiracy. These convictions stemmed from his involvement in a May 7, 2015, home invasion during which petitioner and Mr. Physioc beat Robert Basore and his two adult sons and stole Mr. Basore's property, including some old coins, while Ms. Reigh served as the getaway driver.[2]

Following his direct appeal to this Court, petitioner filed an amended petition for a writ of habeas corpus with the assistance of counsel in the circuit court. The court held an omnibus evidentiary hearing, after which it denied petitioner habeas relief. It is from the court's order denying petitioner habeas relief that he now appeals, and our review is guided by the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard;

---

[1] Petitioner appears by counsel J. Daniel Kirkland. Respondent appears by counsel Patrick Morrisey and Lara K. Bissett.

[2] For a full recitation of the facts, see *State v. Henson*, 239 W. Va. 898, 806 S.E.2d 822 (2017).

the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Before delving into petitioner's assignments of error, we reiterate the long-held and oft-repeated maxim that "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973). We observe that, with few exceptions, petitioner's brief is a verbatim recitation of his habeas petition filed with the circuit court. Further, in those few instances where petitioner does provide additional substance, he merely recounts what transpired during the omnibus evidentiary hearing. Petitioner does not address—let alone explain the error in—the circuit court's rulings on his habeas petition, instead tendering only perfunctory conclusions that the court's rulings were in error. With these remarks as background, we now address petitioner's five assignments of error.

In petitioner's first assignment of error, he asserts that he received ineffective assistance of trial counsel for three reasons centering on trial counsel's alleged failure to investigate or present evidence.[3] First, trial counsel allegedly failed to fully investigate a key witness for the State, Totianna Etheridge, as he made no attempt to speak with her before trial and, in fact, withdrew his request to speak with her. Second, trial counsel purportedly failed to present evidence that, at approximately 8:00 a.m. on the morning following the home invasion, petitioner received methadone treatment. According to petitioner, this was significant because Ms. Etheridge testified that he confessed to her his involvement in the home invasion at some unspecified time on the morning after the invasion. Also, at petitioner's omnibus hearing, petitioner's mother, Lori Henson, and the woman with whom he claimed to have been living at the time of the underlying crimes, Tiffany Reel, testified that Ms. Henson picked petitioner up at Ms. Reel's home for his methadone treatment, purportedly showing that he could not have been with Ms. Etheridge on the morning after the home invasion. Third, petitioner argues that trial counsel rendered ineffective assistance for failing to discover or ignoring evidence that Mr. Physioc and another male, approximately thirty minutes after the home invasion, were seen by a gas station clerk stealing gas from a gas station located approximately thirty minutes away from the victims' home. Petitioner concedes that this presents no alibi, but he argues that it "provides a very tight timeline" and contends that the evidence would have discredited Ms. Etheridge. In his second assignment of error, which can be addressed alongside his first, he argues that he was prejudiced by these alleged instances of ineffective assistance.

---

[3]     In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

2

The circuit court found that petitioner's claim that trial counsel failed to attempt to interview Ms. Etheridge was "wholly refuted" at petitioner's omnibus hearing by petitioner's trial counsel and the investigator retained by trial counsel. They testified to multiple attempts to speak with her, including a scheduled meeting for which she failed to appear. The court also noted that Ms. Etheridge testified at trial that she spoke with petitioner's trial counsel. The court found that the methadone treatment record provided no alibi and was not damaging to the State's case because the clinic and motel at which Ms. Etheridge testified petitioner confessed were in the same town. The court also found that Ms. Henson and Ms. Reel were not credible because they could not adequately explain how they recalled that Ms. Henson transported petitioner to the clinic on the day after the home invasion. They tied their recollection to an event in which they claimed petitioner had no involvement, i.e., the home invasion, and they could recall no other dates, such as the date of petitioner's arrest, with that same certainty. Plus, petitioner's trial counsel testified that he avoided introducing evidence of petitioner's drug addiction at trial so as not to provide evidence of a motive, so, the court found, trial counsel's decision not to introduce the evidence was not objectively unreasonable.[4] And regarding Mr. Physioc, the court found that, to the extent petitioner's trial counsel had a duty to investigate on Mr. Physioc's behalf when he was separately represented, it was not objectively unreasonable to not present evidence that Mr. Physioc and another male were seen stealing gas thirty minutes after the home invasion at a station thirty minutes from that home. Finally, having found that these three claimed grounds did not amount to deficient representation, the court concluded that it need not address whether petitioner was prejudiced. *See* Syl. Pts. 1 & 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995) (setting forth that establishing ineffective assistance of counsel requires a showing of both deficient performance and prejudice and that a claim may be disposed of for failure to meet either prong). Petitioner has not disputed these findings or addressed them at all, so he has failed to demonstrate that the court erred in denying habeas relief on these grounds, and we find no error. *See Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, Syl. Pt. 2.

In petitioner's third assignment of error, he claims he was denied effective assistance of counsel during plea negotiations. Petitioner argues that trial counsel's investigation was inadequate, so trial counsel could not have effectively counseled him regarding any plea agreement offered by the State. The circuit court found that petitioner failed to develop this claim at his omnibus hearing, so the court was left to its review of the trial record in disposing of the claim. The court noted that the only plea agreement offered required any defendant who accepted the agreement to testify against the others. But petitioner maintained below that he was not willing to "admit to something [he] didn't do" or "lie just to better [his] outcome." Therefore, the court found no evidence that additional investigation would have resulted in a different outcome of the plea negotiations. *See* Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (requiring a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different" to establish prejudice from any deficient representation). Again, petitioner fails to dispute these findings, so he has failed to establish error. We note additionally that petitioner argues to this Court that it is "possible" he would have

---

[4] "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 328, 465 S.E.2d 416, 430 (1995) (quoting *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995).

accepted the plea offer had counsel investigated more. This is not the required showing. To succeed on this claim, petitioner needed to have established "a reasonable probability"—not a mere possibility—that "the result of the proceedings would have been different." *Id.*

In his fourth assignment of error, petitioner claims that trial counsel provided ineffective assistance for failing to highlight the fact that he is only one inch taller than Mr. Physioc—a subtle difference in height that, according to petitioner, should have been argued to the jury because the victims distinguished between the assailants by referencing that one was taller than the other. The court found that petitioner's trial counsel did, in fact, address height in his closing argument. But even if trial counsel should have "emphasized [the point] more artfully," the court found that petitioner was not prejudiced by the failure because Mr. Physioc's counsel did just that during the codefendants' joint trial. *See id.* Petitioner has again failed to refute this conclusion, and we find no error in it. *See Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, Syl. Pt. 2.

In petitioner's fifth and final assignment of error, he argues that the State made improper closing arguments by inserting its opinion as to the justness of the cause and the credibility of its witnesses. The court found that this claim was waived due to petitioner's failure to advance it on direct appeal. *See* Syl. Pts. 1 & 2, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972) (setting forth that there is a "rebuttable presumption" that a habeas petitioner has "intelligently and knowingly waived any contention or ground in fact or law" that could have been raised on direct appeal but was not and imposing the burden on a habeas petitioner to rebut that presumption). Petitioner, once more having failed to address the court's disposition, has failed to rebut the presumption of waiver.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4