**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-10468
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH WALLACE RIDGEWAY, also known as Joey Ridgeway,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

February 6, 2003

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Joseph Wallace Ridgeway filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel. Ridgeway claims that his counsel was deficient by failing to inform Ridgeway about the mandatory minimum sentence for his crime. Ridgeway asserts that, if his attorney had correctly advised him of his sentencing exposure, he would have pled guilty instead of standing trial. The district court denied habeas relief. Because we find that Ridgeway was not prejudiced by any alleged ineffectiveness, we affirm.

Ridgeway was convicted of conspiracy with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). Ridgeway asserts that, prior to trial, his attorney Patrick Phillip Robertson assured him that he would receive at most four to five years in prison. Ridgeway's crime, however, carried a mandatory minimum sentence of 120 months (ten years). He was ultimately sentenced to 121 months in prison.

Ridgeway claims that, if he had known about the ten-year mandatory minimum, he would have pled guilty rather than stand trial. However, the prosecutor would only have permitted Ridgeway to plead to the indictment. As a result, even if he had pled guilty, Ridgeway would have faced the ten-year mandatory minimum sentence. The prosecutor allowed some of Ridgeway's co-defendants (other members of the conspiracy) to plead to lesser sentences, because they could provide helpful information to the government. Because of Ridgeway's alleged memory problems, however, the prosecutor did not believe she could rely on any information he might provide. Prior to his indictment, Ridgeway was involved in a serious car accident. According to Ridgeway, the accident caused him to have severe amnesia. He claims he cannot remember much about the two years prior to the accident, including the events surrounding his crime.

In order to establish a claim of ineffective assistance, Ridgeway must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must demonstrate that his counsel's performance was objectively unreasonable. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see Strickland*, 466 U.S. at 690 ("The court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."). Second, he must show that he was prejudiced by that deficient performance by demonstrating that "but for counsel's ineffective performance, there is a reasonable probability that

a different outcome would have been reached." *Smith*, 311 F.3d at 668.

Ridgeway contends that his counsel rendered ineffective assistance by not informing Ridgeway about the ten-year mandatory minimum sentence. We agree that, under § 2255, in the context of a not guilty plea, an attorney's failure to properly inform his client about his sentencing exposure may constitute ineffective assistance.[1] *See Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995) (holding, in the § 2254 context, that "[f]ailing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*"); *id.* (noting that "[w]hen the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court"); *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981) ("It is . . . essential that [an] attorney advise a defendant of possible consequences where . . . the defendant withdraws a negotiated guilty plea . . . and instead stands trial[.]"); *see also United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998) ("By grossly underestimating [the defendant's] sentencing exposure . . ., [counsel] breached his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.") (internal quotation marks omitted).

It is less clear, however, whether Ridgeway's attorney in fact gave Ridgeway incorrect advice about his sentencing exposure. Ridgeway insists that his attorney told him he would receive at most four to five years in prison, and several of Ridgeway's relatives corroborate this testimony. Ridgeway's attorney, however, maintains that he did tell Ridgeway about the mandatory minimum.

We need not decide this factual dispute. Even if Ridgeway could demonstrate that his counsel was ineffective, and thereby satisfy the first prong of *Strickland*, he could not satisfy the second

---

[1] We note that the government does not dispute this point of law.

prong. We have repeatedly observed that "'[i]f it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, . . . that course should be followed.'" *Lott v. Hargett*, 80 F.3d 161, 167 (5th Cir. 1996) (quoting *Strickland*, 466 U.S. at 697); *see, e.g.*, *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."); *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995) (same). Therefore, we turn to the prejudice prong of the *Strickland* test.

In order to demonstrate that he was prejudiced by his counsel's allegedly deficient performance, Ridgeway must demonstrate a reasonable probability that, but for his counsel's actions, he would have received a "significantly less harsh" sentence. *Daniel v. Cockrell*, 283 F.3d 697, 706 (5th Cir. 2002).[2] As noted above, the prosecutor made clear that she would only have permitted Ridgeway to plead to the indictment. Thus, even if he had pled guilty, Ridgeway would have faced at least 120 months in prison (the mandatory minimum for his crime). This sentence is not "significantly less harsh" than the 121-month sentence that Ridgeway actually received.

As a result, Ridgeway can demonstrate prejudice only if he can prove that the sentencing court could (and would) have departed below the statutory minimum sentence. Ridgeway contends

---

[2] In *Daniel*, we observed that the Supreme Court's decision in *Glover v. United States*, 531 U.S. 198 (2001), "arguably cast doubt on" the "significantly less harsh" test. *Daniel*, 283 F.3d at 706; *but see id.* at 706 n.17 (noting that *Glover* did not necessarily reject our test for prejudice). In *Glover*, the Supreme Court declared that "[a]uthority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance." 531 U.S. at 203; *id.* at 202, 204 (rejecting the Seventh Circuit's rule that an additional six to twenty-one months in prison cannot constitute prejudice). The *Daniel* Court determined, however, that *Glover* does not apply retroactively. *See Daniel*, 283 F.3d at 707. Thus, our "significantly less harsh" test applies to Ridgeway's case.

-4-

that he would have been eligible for a downward departure pursuant to 18 U.S.C. § 3553(f) and U.S.

SENTENCING GUIDELINES § 5C1.2. This "safety valve" provision permits a court to issue a sentence

below the mandatory minimum if the defendant meets five criteria. Ridgeway must demonstrate

(1) that he does not have more than one criminal history point; (2) that he did not use violence or

threats of violence or possess a weapon during the offense; (3) that his offense did not result in death

or serious bodily injury to any person; (4) that he was not an organizer or other major participant in

the offense; and (5) that "not later than the time of the sentencing hearing, [he] has truthfully provided

to the Government all information and evidence [he] has concerning the offense[.]"[3]

The government and Ridgeway agree that he meets the first four criteria. They dispute only

whether he could have satisfied the fifth criterion: that he provide the government with truthful

---

[3] The provision states:

In the case of an offense under 21 U.S.C. § 841 [and] . . . § 846, . . . the court
shall impose a sentence in accordance with the applicable guidelines without regard
to any statutory minimum sentence, if the court finds that the defendant meets the
criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:

(1) the defendant does not have more than 1 criminal history point, as
determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or
possess a firearm or other dangerous weapon (or induce another participant to do so)
in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of
others in the offense, as determined under the sentencing guidelines and was not
engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has
truthfully provided to the Government all information and evidence the defendant has
concerning the offense or offenses that were part of the same course of conduct or of
a common scheme or plan, but the fact that the defendant has no relevant or useful
other information to provide or that the Government is already aware of the
information shall not preclude a determination by the court that the defendant has
complied with this requirement.

U.S. SENTENCING GUIDELINES MANUAL § 5C1.2.

information concerning the offense. The district court found that Ridgeway could not have met the fifth criterion. The court found, in light of Ridgeway's alleged memory problems, that he lacked credibility. As a result, the court concluded that he would not have satisfied the requirement in §5C1.2 that he testify "truthfully."

We review a court's factual findings pertaining to a § 5C1.2 reduction for clear error and its conclusions of law *de novo*. *United States v. Vasquez*, 161 F.3d 909, 910 (5th Cir. 1998). The district court's determination that Ridgeway did not qualify for the § 5C1.2 reduction is a factual finding that we review for clear error. *See United States v. Torres*, 114 F.3d 520, 527 (5th Cir. 1997).

The district court found that Ridgeway lacked credibility, and would not have provided truthful information to the government. The court's credibility determination supports its conclusion that Ridgeway would not have qualified for a § 5C1.2 downward departure. Sentencing courts have been reluctant to provide § 5C1.2 relief to defendants with questionable credibility. *See, e.g.*, *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995) (finding that the district court did not clearly err in concluding that the defendant lacked credibility, and, thus, that he could not meet the fifth criterion of § 5C1.2); *United States v. Surratt*, 172 F.3d 559, 566 (8th Cir. 1999) ("[T]he district court, relying on its own credibility assessment, concluded that [the defendant] failed in his burden of proving that he had provided all of the information and evidence he had concerning the offenses in question."); *see also United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996) (observing that the determination of whether § 5C1.2 applies "'is a fact-specific one and will often depend on credibility determinations that cannot be replicated with the same accuracy on appeal'") (quoting *United States v. Rodriguez*, 69 F.3d 136, 144 (7th Cir. 1995)).

In light of our usual reluctance to question a district court's credibility determinations, *see United States v. Gillyard*, 261 F.3d 506, 509 (5th Cir. 2001), we cannot say that the district court was incorrect in finding that Ridgeway would have failed to provide truthful information to the government. Thus, we find that the district court did not clearly err in concluding that Ridgeway was ineligible for § 5C1.2 relief.

Because Ridgeway would not have qualified for a § 5C1.2 downward departure, even if he had pled guilty, he would have received a sentence of at least 120 months. That sentence is not "significantly less harsh" than the 121-month sentence that Ridgeway actually received. Thus, he was not prejudiced by his counsel's alleged ineffectiveness.

The district court's decision denying § 2255 relief is AFFIRMED.