United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40957
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEOPOLDO H. SERNA, III

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-19-ALL
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leopoldo H. Serna, III, appeals his sentence following pleading guilty to possession of over 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). He argues that the district court erroneously denied him a sentence reduction under the Sentencing Guidelines' safety valve provision, U.S.S.G. § 5C1.2. We review a sentencing court's refusal to apply the safety valve provision for clear error. United States v. Rodriguez, 60 F.3d 193, 195 n.1 (5th Cir. 1995).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The safety valve provision, in pertinent part, requires that a defendant, at or before sentencing, provide the Government with all the information and evidence he has concerning his offense. U.S.S.G. § 5C1.2(a)(5). We are usually reluctant to disturb a district court's credibility determinations and see no reason to do so in the case at hand. See United States v. Ridgeway, 321 F.3d 512, 516 (5th Cir. 2003). Serna's story was both vague and incredible. After reviewing the record, we are convinced that the district court did not clearly err when it denied Serna the reduction afforded by the safety valve. Its judgment is AFFIRMED.