United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41712
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN TINAJERO-REYES, also known as Martin Tinajero Reyes,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-102-ALL
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martin Tinajero-Reyes ("Tinajero") appeals his sentence following pleading guilty to possession of over five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). He argues that the district court erroneously denied him a sentence reduction under the Sentencing Guidelines' safety valve provision, U.S.S.G. § 5C1.2.

The safety valve provision, in pertinent part, requires that a defendant, at or before sentencing, provide the Government with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

all the information and evidence he has concerning his offense. U.S.S.G. § 5C1.2(a)(5).  We are usually reluctant to disturb a district court's credibility determinations and see no reason to do so in the case at hand.  See United States v. Ridgeway, 321 F.3d 512, 516 (5th Cir. 2003).  Tinajero's story was incredible. After reviewing the record, we are convinced that the district court did not clearly err when it denied Tinajero the reduction afforded by the safety valve.

Tinajero also challenges the constitutionality of 21 U.S.C. § 841(a) and (b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  As Tinajero concedes, his Apprendi argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).  Accordingly, the judgment of the district court is AFFIRMED.