United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41224
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS TRINIDAD-RENOVATO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CR-83-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Trinidad-Renovato ("Trinidad") appeals the 64-month sentence that was imposed following entry of his guilty plea to one count of possession with intent to distribute approximately three kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  Trinidad argues that the district court erroneously denied him a sentence reduction under the Sentencing Guidelines' safety valve provision, U.S.C.G. 5C1.2.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the decision to deny the application of U.S.C.G. § 5C1.2 for clear error. United States v. Flanagan, 80 F.3d 143, 145 (5th Cir. 1996). The safety valve provision, in pertinent part, requires that a defendant, at or before sentencing, provide the Government with all the information and evidence he has concerning his offense. U.S.C.G. § 5C1.2(a)(5).

We ordinarily do not disturb a district court's credibility determinations and see no reason to do so in the instant case. See United States v. Ridgeway, 321 F.3d 512, 516 (5th Cir. 2003). After reviewing the record, we are convinced that the district court did not clearly err when it denied Trinidad the reduction afforded by the safety valve provision. See Flanagan, 80 F.3d at 145.

Trinidad also challenges the constitutionality of 21 U.S.C. 841(a) and (b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Trinidad concedes, his Apprendi argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). Accordingly, the judgment of the district court is AFFIRMED.