**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41226
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO ZARCO FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CR-73-1
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Pedro Zarco Flores ("Flores") appeals his guilty-plea conviction and sentence for possession of more than five kilograms of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) and (b)(1).

Flores contends that the district court clearly erred in denying him a "safety valve" departure under U.S.S.G. § 5C1.2. Although the basic outline of Flores's story of how he obtained the truck that was used to deliver 5.58 kilograms of marijuana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appears believable, his answers to some of the district court's specific questions about this matter suggests that he was not being entirely forthcoming about his role in the offense. After reviewing the record, we conclude that the district court did not clearly err in determining that Flores's testimony about his role in the offense was not fully credible or "truthful." See U.S.S.G. § 5C1.2(a)(5) (Nov. 2002); United States v. Ridgeway, 321 F.3d 512, 516 (5th Cir. 2003).

For the first time on appeal, Flores maintains that the sentencing scheme of 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). As Flores concedes, his argument is foreclosed by this court's decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). Flores raises the issue only to preserve it for possible further review.

The judgment of the district court is AFFIRMED.