United States Court of Appeals
Fifth Circuit

F I L E D

June 10, 2005

Charles R. Fulbruge III
Clerk

REVISED JUNE 23, 2005

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-50633
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ISMAEL HOLGUIN HERRERA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

Before WIENER, DeMOSS, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Appellant Ismael Hoguin Herrera challenges the district
court's denial of his motion to vacate his sentence. After
considering Herrera's argument and reviewing the record, the
court reverses the district court's judgment and remands this
case for an evidentiary hearing on Herrera's ineffective
assistance of counsel claim.

A jury convicted Herrera of conspiracy to distribute
cocaine, aiding and abetting an attempt to possess cocaine with
intent to distribute, and being an unlawful drug user in
possession of a firearm. The district court sentenced Herrera to

1

concurrent 78-month prison terms on each count. Initially, a panel of this court affirmed the drug convictions but reversed the firearm conviction.[1] On en banc rehearing, however, the court affirmed the firearm conviction.[2]

Herrera filed a § 2255 motion in the district court alleging that his convictions should be reversed because he had not had the effective assistance of counsel. Herrera argued that his attorney incorrectly advised him to reject the Government's plea offer, which would have subjected him to a 48-month maximum sentence under the sentencing guidelines. He asserted that his attorney's advice was based on the attorney's misunderstanding that he faced only a 51-month maximum guideline sentence if he was convicted at trial. In actuality, Herrera faced a sentencing range of 78 to 97 months. Herrera maintained that he would have accepted the plea offer had he known his true sentencing exposure at trial. The district court rejected Herrera's claim.

Herrera filed a timely notice of appeal from the district court's judgment and asked to proceed IFP on appeal. The district court granted Herrera leave to proceed IFP and a certificate of appealability on "whether trial counsel was ineffective because he allegedly misrepresented the 'maximum

---

[1]*United States v. Herrera*, 289 F.3d 311, 325 (5th Cir. 2002).

[2]*United States v. Herrera*, 313 F.3d 882, 885 (5th Cir. 2002) (en banc).

2

exposure' [Herrera] faced under the sentencing guidelines if convicted."

This court "review[s] a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel de novo."[3]  To prevail on an ineffective-assistance-of-counsel claim, Herrera must satisfy the two-part test enunciated in *Strickland v. Washington*.[4]  First, Herrera must demonstrate that his attorney's performance fell below an objective standard of reasonableness.[5]  This court has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."[6]  Second, Herrera must also prove that he was prejudiced by his attorney's substandard performance.[7]  "[T]o prove prejudice, [Herrera] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8]

One of the most important duties of an attorney representing

---

[3]*United States v. Conley*, 349 F.3d 837, 839 (5th Cir. 2003).

[4]466 U.S. 668, 687 (1984).

[5]*Strickland*, 466 U.S. at 687.

[6]*Conley*, 349 F.3d at 841 (internal quotation marks and citations omitted).

[7]*Strickland*, 466 U.S. at 687.

[8]*Conley*, 349 F.3d at 841 (internal quotation marks and citations omitted).

a criminal defendant is advising the defendant about whether he should plead guilty.[9]  An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea.[10]  Apprising a defendant about his exposure under the sentencing guidelines is necessarily part of this process.  A defendant cannot make an intelligent choice about whether to accept a plea offer unless he fully understands the risks of proceeding to trial.[11]  "Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*."[12]

In this case, the district court did not determine whether Herrera's attorney misadvised Herrera about his sentencing exposure.  Instead, the court accepted as true Herrera's allegation that his attorney informed him that he faced a maximum guideline sentence of 51 months.  Noting that Herrera received a sentence "only" 27 months higher than the maximum estimated by his lawyer, the district court determined that the attorney had not performed deficiently.[13]

---

[9]*Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965).

[10]*Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995).

[11]*Id.* at 1171.

[12]*Id.*

[13]Those 27 months produced a sentence approximately 53% greater than the maximum purportedly estimated by counsel and could have been 90% greater had the court imposed the sentence at the top of the sentencing guidelines range instead of at the

4

In reaching its conclusion, the district court relied on this court's decision in *United States v. Ridgeway*.[14] There, defendant Ridgeway complained that his trial attorney advised him that he would receive only four or five years of prison time even though the charged offense had a mandatory minimum sentence of 120 months.[15] Ridgeway asserted that he would not have pleaded guilty if he had known that he faced at least 120 months in prison.[16] This court, however, determined that Ridgeway did not show that he was prejudiced by his attorney's alleged deficiency because he did not show that he would have received a "significantly less harsh" sentence.[17] The court explained that the record was clear that the prosecutor would have only permitted Ridgeway to plead guilty to the indictment.[18] Thus regardless of whether he pleaded guilty or was convicted by a jury, Ridgeway faced at least 120 months in prison because of the mandatory minimum sentence. The court reasoned that because 120 months was not "significantly less harsh" than Ridgeway's actual sentence of 121 months, Ridgeway could demonstrate prejudice only

---

bottom.

[14]321 F.3d 512 (5th Cir. 2003).

[15]*Ridgeway*, 321 F.3d at 513.

[16]*Id.*

[17]*Id.* at 514.

[18]*Id.* at 515.

5

by proving that the sentencing court could have and would have departed below the statutory minimum sentence.[19]

Unlike defendant Ridgeway who regardless of the purported misinformation would have known how much prison time he faced before entering his plea, Herrera faced a sentencing range under the guidelines where the precise advice of counsel was essential to deciding whether to accept the Government's plea offer. If the attorney actually advised Herrera that he faced a maximum of 51 months of prison time, Herrera did not fully understand the risks of going to trial. An attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial.[20]

Not only would the attorney's assistance be deficient under these circumstances, a 27-month increase in a sentence constitutes prejudice under the second prong of *Strickland*. Here, the district court sentenced Herrera at the bottom of the guidelines range; thus, the attorney's purported underestimation resulted in a sentence that was 53% more than the sentence offered under the plea agreement. Unlike *Ridgeway* where the mandatory minimum sentence was not significantly less harsh than

---

[19]*Id.*

[20]*See Teague*, 60 F.3d at 1171.

6

the actual sentence, the 51-month sentence purportedly advanced by Herrera's attorney is significantly less harsh than Herrera's actual sentence of 78 months. Thus, Herrera's situation is very different from defendant Ridgeway's case.

In addition, this court no longer uses the "significantly less harsh" test.[21] One month after the district court rejected Herrera's claim, this court adopted the "any amount of jail time" test in *United States v. Grammas*.[22] This test originated from the Supreme Court's decision in *Glover v. United States* where the Court explained that any amount of additional jail time has significance under *Strickland*.[23] This court determined that the "any amount of jail time" test applies where the defendant was convicted after the Supreme Court's decision in *Glover*.[24] The court further held that grossly underestimating a defendant's exposure under the sentencing guidelines constitutes ineffective assistance of counsel.[25] In *Grammas*, however, the record clearly showed that the defendant's attorney miscalculated his client's

---

[21]*See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004) (adopting the "any amount of jail time" test).

[22]*Id.*

[23]*Glover v. United States*, 531 U.S. 198, 203 (2001).

[24]*Grammas*, 376 F.3d at 438.

[25]*Id.* at 436-37.

sentencing exposure.[26]

Here, the court cannot simply apply *Grammas* to Herrera's claim. First, the district court did not determine whether Herrera's attorney miscalculated Herrera's sentencing exposure. The record contains only Herrera's assertion that his attorney told him that he faced 51 months. Second, Herrera was convicted before *Glover* was decided. Thus, resolving Herrera's claim on the present record requires this court to decide whether a presumed 27-month miscalculation constitutes ineffective assistance of counsel. A better alternative exists.

Rather than decide the question based on an assumption, the better approach is to have the district court conduct an evidentiary hearing. An evidentiary hearing will confirm or dispel Herrera's allegation that his attorney misrepresented the prison time he faced and whether Herrera relied on those misrepresentations in rejecting the Government's plea offer. A remand will allow the district court to develop a complete record, make appropriate fact findings, and grant relief in the first instance if evidence supports Herrera's contentions. Consequently, the court REVERSES the district court's order denying habeas relief and REMANDS this cause for an evidentiary

---

[26]*See id*. at 437 (observing that the defendant's trial attorney conceded that he was unfamiliar with the sentencing guidelines and that he misinformed his client that he faced only 6 to 12 months if he was convicted when in actuality the defendant was subject to a range of 70 to 87 months).

hearing.

REVERSED & REMANDED.