United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20367
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JAY ALAN BRAMLETT,

Defendant-
Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CV-3258
USDC No. 4:96-CR-158-3
--------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jay Alan Bramlett, federal prisoner # 72925-079, appeals the district court's denial of his 28

U.S.C. § 2255 motion, wherein he sought to challenge the sentence imposed following his conviction

of one count of conspiracy to commit mail fraud, wire fraud, and money laundering; four counts of

mail fraud; two counts of wire fraud; and 20 counts of money laundering. A certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appealability was granted by this court on the issue whether "counsel rendered ineffective assistance, which caused [Bramlett] to stand trial rather than plead guilty, by failing to advise him of his statutory maximum sentencing exposure." *See United States v. Bramlett*, No. 04-20367 (5th Cir. Nov. 3, 2004).

Resolution of Bramlett's ineffective assistance of counsel claim turns on a factual issue, namely, whether his trial counsel informed him of the statutory maximum sentence. The district court has made no factual findings with regard to this issue. This court should not make that factual assessment in the first instance. *See United States v. Birdwell*, 887 F.2d 643, 645 (5th Cir. 1989). Rather, the better approach is to have the district court conduct an evidentiary hearing. *See United States v. Herrera*, 412 F.3d 577, 582 (5th Cir. 2005). An evidentiary hearing would confirm or dispel Bramlett's allegation that his attorney did not advise him of the statutory maximum applicable in his case. The remand would also "allow the district court to develop a complete record, make appropriate fact findings, and grant relief in the first instance if evidence supports [Bramlett]'s contentions." Id. Accordingly, the district court's order denying Bramlett's § 2255 motion is REVERSED and the matter is REMANDED for an evidentiary hearing.