IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-41724

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

VINCENT EDWARD ALEXANDER,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 2:04-CR-277-1

_____

Before REAVLEY, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Vincent Alexander appeals his guilty-plea conviction of and sentence for
conspiracy to possess with intent to distribute more than five kilograms of co-

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

caine and conspiracy to conduct financial transactions in and affecting interstate commerce using the proceeds from the distribution of controlled substances. Alexander contends that the district court erred in denying him a safety-valve reduction; he contends that he made a timely and complete disclosure of all relevant facts surrounding the commission of the offenses charged. According to Alexander, there is no evidentiary basis to conclude that his disclosures were untruthful or incomplete on any pertinent subject matter. He also avers that the district court failed to articulate adequately its basis for denying the safety-valve reduction.

The court did not clearly err in denying a safety-valve reduction. At sentencing, Alexander provided indefinite and inconsistent statements concerning the extent of his knowledge of, and participation in, specific conduct relevant to the charged offenses. See United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995) (denying application of § 5C1.2 because the defendant provided conflicting accounts of the offense); see also United States v. Ridgeway, 321 F.3d 512, 516 (5th Cir. 2003) (giving deference to credibility determinations made by the district court). Alexander therefore has failed to show that he truthfully provided the government with all pertinent information and evidence. See U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5); United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996).

Alexander also asserts that his trial counsel provided ineffective assistance by failing to advocate effectively for the application of the safety valve. Alexander claims that his counsel's actions were prejudicial because the district court otherwise would have applied the safety valve and Alexander's sentence would have been reduced. Alexander alleges that the record is sufficiently developed to enable this court to hear his ineffective assistance claim on direct appeal.

Alexander did not raise ineffective assistance in the district court. Thus, the record is not developed precisely for the purpose of litigating or preserving such a claim. On the existing record, this court largely "would have to speculate

as to the reasons for [counsel's] alleged acts and omissions." United States v. Kizzee, 150 F.3d 497, 502-03 (5th Cir. 1998). The record therefore is not sufficiently developed for us to consider Alexander's ineffective assistance claims. See Massaro v. United States, 538 U.S. 500, 502-06 (2003).

Accordingly, the judgment is AFFIRMED without prejudice to Alexander's right to raise an ineffective assistance claim in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We express no view on the merits of such a claim.