# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2011

Lyle W. Cayce
Clerk

No. 10-30150
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTON L. ROBINSON, also known as A T,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CV-2164

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anton L. Robinson, federal prisoner #11224-035, appeals the denial of his 28 U.S.C. § 2255 motion regarding his jury-trial conviction for conspiracy to possess, with intent to distribute, 50 grams or more of crack cocaine, and his resulting 324-month sentence. The district court granted a certificate of appealability for "whether petitioner was prejudicially denied the effective assistance of counsel in violation of the Sixth Amendment in connection with the advice provided concerning the sentencing guidelines".

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30150

For a § 2255 claim for ineffective assistance of counsel (IAC), the district court's conclusions of law are reviewed *de novo*; its findings of fact, for clear error. *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005). An evidentiary hearing was held for Robinson's IAC claim, at which he and his trial counsel testified.

A district court's IAC conclusions are mixed questions of law and fact, subject to *de novo* review. *United State v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). To prevail on an IAC claim, defendant must show: his counsel's performance fell below objective standards of reasonableness and, therefore, was deficient; *and* he was prejudiced by that performance. *E.g.*, *Strickland v. Washington*, 466 U.S. 668, 700 (1984). Regarding the first prong, defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Id*. at 689.

Robinson claims IAC by asserting counsel: failed to advise him on the maximum sentence he faced under the Sentencing Guidelines; did not inform him of the specific sentencing ranges for proceeding to trial and pleading guilty; and told him the sentencing range would be the same whether he proceeded to trial or pleaded guilty. Robinson notes his sentencing range would have been 235-293 months had he pleaded guilty, rather than the 324-405 months he faced following trial; and he maintains he would have pleaded guilty had he been so advised.

The record reflects the district court did not err in ruling counsel's performance was *not* deficient. *Cf. United States v. Grammas*, 376 F.3d 433, 435-37 (5th Cir. 2004) (holding performance deficient where counsel grossly underestimated defendant's sentencing exposure if he were found guilty at trial); *United States v. Herrera*, 412 F.3d 577, 579-82 (5th Cir. 2005) (remanding for district court to determine whether counsel's 27-month miscalculation constitutes deficient performance). Robinson failed to show his counsel underestimated his sentencing exposure, much less *grossly* did so. Counsel

2

No. 10-30150

advised Robinson he was facing a substantial sentence whether he pleaded guilty or proceeded to trial (20-year range for guilty-plea; in excess of 20 years for going to trial), and informed him he could receive substantial reductions in his sentence for acceptance of responsibility and substantial assistance. Further, counsel testified:  he repeatedly advised Robinson it would be in his best interest to plead guilty; but, despite counsel's efforts, Robinson was adamant about proceeding to trial.

AFFIRMED.