# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

Lyle W. Cayce
Clerk

No. 10-30964
Summary Calendar

ALVIN MEAD,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-3058

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alvin Mead, Louisiana prisoner # 310779, appeals the denial of his 28 U.S.C. § 2254 petition challenging his conviction for possession of cocaine, for which he is serving a life sentence as an habitual offender. The district court granted Mead a certificate of appealability on the issue of ineffective assistance of counsel. Mead argues that counsel failed to adequately advise him regarding whether to accept the plea offer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30964

Whether Mead received ineffective assistance of counsel is reviewed de novo. *Cf. Medillin v. Dretke*, 544 U.S. 660, 680 (2005). We review the district court's findings of fact for clear error and its conclusions of law de novo. *Charles v. Thaler*, 629 F.3d 494, 498 (2011). To establish ineffective assistance, Mead must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Prejudice in the state sentencing context turns on whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been significantly less harsh." *Charles*, 629 F.3d at 499 (internal quotation marks and citations omitted).

Mead argues that he was deprived of constitutionally adequate representation when, after the State agreed to impose the sentence the defense sought, counsel allowed him to reject the plea offer without adequately advising him of its advantages and disadvantages. Significantly, Mead does not allege that he was unaware that he was facing a life sentence as an habitual offender. *See United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). The state record and allegations made for the first time in Mead's appellate brief indicate that the terms of the plea offer were communicated to Mead; however, Mead, who has consistently maintained his innocence, exercised his right to a trial by jury. Mead's assertions that he was prejudiced by counsel's failure to give him unspecified advice and that it is reasonable likely that he would have accepted the plea offer had he received such advice are purely conclusional. As such, his allegations of prejudice are insufficient to support a basis for habeas relief. *See Green v. Johnson*, 160 F.3d 1029, 1040 (5th Cir. 1998). Consequently, Mead was not entitled to an evidentiary hearing. *Fc. United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).

AFFIRMED.