**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1276
_____

TERENCE THOMPSON,
Appellant

v.

ADMINISTRATOR, NEW JERSEY STATE PRISON;
ATTORNEY GENERAL NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cv-07164)
District Judge: Honorable Renee M. Bumb
_____

Argued on April 28, 2022

Before: HARDIMAN, RENDELL, and FISHER, *Circuit Judges*.

(Filed: May 6, 2022)

Peyton Myers [**Argued**]
(Admitted Pursuant to Third Circuit LAR 46.3)
Duquesne University School of Law
Federal Litigation Clinic
912-914 Fifth Avenue
Pittsburgh, PA 15219

Adrian N. Roe
First Floor
428 Boulevard of the Allies
Pittsburgh, PA 15219

Samuel H. Simon
Houston Harbaugh
401 Liberty Avenue
22nd Floor, Three Gateway Center
Pittsburgh, PA 15222
     *Counsel for Appellant*

Grace C. MacAulay
Jason Magid, I [**Argued**]
Camden County Office of Prosecutor
200 Federal Street
Camden, NJ 08103
     *Counsel for Appellees*

_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Terence Thompson appeals the District Court's order denying his habeas petition. We will affirm because the District Court properly deferred to the state court's conclusion that Thompson did not receive ineffective assistance of counsel.[1]

I

After turning down a plea offer of 20 years' imprisonment and 10 years' parole ineligibility, Thompson went to trial and was convicted in state court of conspiracy to commit robbery, armed robbery, felony murder, possession of a firearm for an unlawful purpose, and unlawful possession of a weapon. *State v. Thompson*, 2011 WL 499394, at

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Court appointed the Duquesne University School of Law Federal Litigation Clinic to represent Thompson pro bono in this appeal. The Clinic has ably discharged its responsibilities.

*2 (N.J. Super. Ct. App. Div. Feb. 15, 2011). He was sentenced to life without parole, and his conviction was affirmed on direct appeal. *Id.* at *2–3, *certif. denied*, 845 A.2d 1255 (N.J. 2004), *cert. denied*, 543 U.S. 888 (2004).

Thompson's initial state post-conviction relief petition was unsuccessful. *See Thompson*, 2011 WL 499394, at *1, 3, *certif. denied*, 21 A.3d 1186 (N.J. 2011). He then filed a federal habeas petition. The District Court stayed that case until Thompson completed a second round of state post-conviction proceedings. *See Thompson v. Warren*, 2015 WL 93751, at *1 (D.N.J. Jan. 7, 2015).

Back in state court, Thompson argued that his trial counsel was ineffective because he failed to advise Thompson about the statutory maximum sentence he could receive if found guilty. *See State v. Thompson*, 2018 WL 1352141, at *1 (N.J. Super. Ct. App. Div. Mar. 16, 2018). Thompson claimed he would have accepted the plea offer, rather than stand trial, had he known his true sentence exposure. *See id.* at *2. Both state courts to consider the merits held that Thompson was not prejudiced because, even if he had been correctly advised, Thompson would not have accepted the plea offer. *See* App. 533–34; *Thompson*, 2018 WL 1352141, at *2. The New Jersey Supreme Court denied certification. *State v. Thompson*, 194 A.3d 983 (Table) (N.J. 2018).

After the state proceedings concluded, the District Court lifted its stay on Thompson's habeas proceedings. *Thompson v. Warren*, 2019 WL 6130751 (D.N.J. Nov. 19, 2019). The Court applied AEDPA deference, *id.* at *3–4, and held that the New Jersey courts did not unreasonably deny Thompson's post-conviction relief petition, *id.* at *7–8. We granted a certificate of appealability on Thompson's ineffective assistance

3

claim.

II[2]

The State concedes that Thompson's counsel's performance was deficient. So we consider whether Thompson suffered prejudice. Thompson "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)); *see also Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (applying *Strickland* where the alleged prejudice arises from the rejection of a plea offer).

Because the New Jersey courts rejected Thompson's ineffective assistance claim on the merits, the District Court applied AEDPA deference. *Maple v. Albion*, 19 F.4th 570, 571–72 (3d Cir. 2021), *petition for cert. filed*, No. 20-2514 (Apr. 13, 2022); *see* 28 U.S.C. § 2254(d)–(e). Under AEDPA, federal courts cannot grant habeas relief unless the state court rendered "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by "clear and convincing evidence." *Id.*

---

[2] The District Court had jurisdiction under 28 U.S.C. § 2254. Because we issued a certificate of appealability, we have jurisdiction under 28 U.S.C. §§ 1291, 2253(c). We review de novo the District Court's application of AEDPA deference. *Branch v. Sweeney*, 758 F.3d 226, 232 (3d Cir. 2014).

4

§ 2254(e)(1).

Thompson argues that the PCR court's decision "was based on an unreasonable determination of the facts." Reply Br. 7; 28 U.S.C. § 2254(d)(2). We agree with the District Court that Thompson has not "demonstrated by 'clear and convincing evidence,' § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record." *Rountree v. Balicki*, 640 F.3d 530, 537–38 (3d Cir. 2011) (citations omitted).

The PCR court found that "Thompson was adamant that he wanted to go to trial." App. 528. In other words, he would not have accepted the plea offer even if he knew his true sentence exposure after a trial. Thompson has not rebutted that factual finding by clear and convincing evidence. In fact, Thompson's testimony at his pre-trial conference supports the PCR court's finding. *See, e.g.*, App. 487 ("I got pretty much been dealt [sic] a life sentence already so it doesn't really matter. . . . I'd rather just go to trial."). And though Thompson testified that he would have accepted the plea offer if he knew the risk of going to trial, the PCR court did not believe him. *See* App. 529.

Thompson asks us to infer that he would have accepted the plea offer simply because the sentence he received at trial is so much greater than the sentence he would have received under the proposed plea offer. That inference rests on the assumption that no reasonable person would risk so much by going to trial. Thompson argues that other circuits' caselaw supports his suggested inference. *See Puglisi v. United States*, 586 F.3d 209 (2d Cir. 2009); *Magana v. Hofbauer*, 263 F.3d 542 (6th Cir. 2001); *United States v. Gordon*, 156 F.3d 376 (2d Cir. 1998). While those decisions highlighted the importance of a disparity between the sentence the defendant was offered and the sentence he

5

ultimately received, none of them involved an adverse credibility finding by the state court. *See, e.g.*, *Magana*, 263 F.3d at 552 (noting that a third party corroborated the defendant's testimony); *Gordon*, 156 F.3d at 381 ("[A] disparity provides sufficient objective evidence—when combined with a petitioner's statement concerning his intentions—to support a finding of prejudice under *Strickland*."). Unlike in those cases, Thompson's testimony was found not credible, and he offered no corroborating evidence.

Thompson also mischaracterizes our precedent in *United States v. Day*, 969 F.2d 39 (3d Cir. 1992) as establishing a substantive standard for prejudice. The petitioner in *Day* challenged his federal custody under § 2255, and the district court denied his petition without a hearing. *Id.* at 41. We declined to establish a standard for prejudice because the district court held no hearing. *Id.* at 45. Thus, *Day* addresses when a district court must hold an evidentiary hearing, not the substantive standard for prejudice. Thompson cites a Fifth Circuit case to the same effect. *See United States v. Herrera*, 412 F.3d 577, 582 (5th Cir. 2005). Because the PCR court held a hearing in this case, *Day* and *Herrera* are no help to Thompson.

Thompson's testimony about his medical condition further undermines the contention that, had he known his true sentence exposure, he would have accepted the plea offer. Thompson explained he went to trial "seek[ing] medical attention to get [his] guts sewed back up." App. 501. He believed that, by going to trial, he would receive medical treatment sooner. This admission merely reinforces the PCR court's conclusion that "Thompson was adamant that he wanted to go to trial." App. 528.

\*\*\*

For the reasons stated, we will affirm the District Court's order denying Thompson's habeas petition.